**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 4 2021

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KEVIN KELLEY and ZACKARY KELLEY,
individually and on behalf of all others similarly
situated

PLAINTIFFS

v.  Case No. 4:21-cv-93-DPM

ROBINHOOD MARKETS, INC.
ROBINHOOD FINANCIAL, LLC,
ROBINHOOD SECURITIES, LLC,
TD AMERITRADE, INC., and
E*TRADE FINANCIAL CORPORATION

This case assigned to District Judge Marshall
and to Magistrate Judge Volpe

DEFENDANTS

## CLASS ACTION COMPLAINT

Comes now the Plaintiffs Kevin Kelley and Zackary Kelley, individually and on behalf of all others similarly situated, ("Plaintiffs") by and through their attorneys, and for their Class Action Complaint against the Defendants Robinhood Markets, Inc., Robinhood Financial, LLC, Robinhood Securities, LLC, ("ROBINHOOD") TD Ameritrade, Inc., ("TD AMERITRADE") and E*Trade Financial Corporation ("E*TRADE")[1] state:

### INTRODUCTION

1. This Action seeks class certification and damages for Defendants' scheme to stop retail trading customers from buying stocks and selling their option contracts, when these securities hit dramatic highs. The Defendants' actions harmed their customers and benefitted hedge funds with substantial short positions in the same stocks.

---

[1] ROBINHOOD, TD AMERITRADE, and E*TRADE are collectively referred to in this Complaint as "Defendants."

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiffs are individuals and citizens of Pulaski County, Arkansas.

   a. Before January 27, 2021, Plaintiff Kevin Kelley held accounts with ROBINHOOD and TD AMERITRADE and owned equity securities and/or option contracts in GameStop Corp. (GME), AMC Entertainment (AMC), Nokia (NOK) and Express, Inc. (EXPR) and lost the ability to make purchases or sell options on his accounts on January 28, 2021.

   b. Before January 27, 2021, Plaintiff Zackary Kelley held accounts with ROBINHOOD and TD AMERITRADE and owned equity securities and/or option contracts in GME, AMC, and NOK and lost the ability to make purchases or sell options on his accounts on January 28, 2021.

3. Robinhood Markets, Inc., is a Delaware corporation, with a principal place of business in Menlo Park, California, and may be served with process in this Action through its registered agent: Incorporating Services, Ltd., 3500 S. Dupont Hwy., Dover, DE 19901-6041.

4. Robinhood Financial, LLC, is an Delaware Limited Liability Company with a principal address in Menlo Park, California. Robinhood Financial, LLC is a wholly owned subsidiary of Robinhood Markets, Inc., and may be served with process in this Action through its registered agent: Incorporating Services, Ltd., 3500 S. Dupont Hwy., Dover, DE 19901-6041.

5. Robinhood Securities, LLC is a subsidiary of Robinhood Markets, Inc., and may be served with process in this Action through its registered agent: Incorporating Services, Ltd., 3500 S. Dupont Hwy., Dover, DE 19901-6041.

6. TD Ameritrade, Inc., is a New York Corporation, with a principal address in Omaha, Nebraska and may be served with process in this Action through its registered agent: Incorporating Services, Ltd., 300 South Spring Street #900, Little Rock, AR 72201-2425.

7. E*Trade Financial Corporation is a subsidiary of Morgan Stanley, and may be

served with process in this Action through its registered agent: CT Corporation System, 124 West Capitol Ave., Ste. 1900, Little Rock, AR 72201-3717.

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over Defendants under the due process clause of the Fourteenth Amendment to the United States Constitution.

10. Venue is proper in this Judicial District under 28 U.S.C. § 1391(a)(2) because a substantial part of the acts and transactions complained of herein occurred in this District and under 28 U.S.C. § 1391(b)(3). Venue is proper in this Division under 28 U.S.C. § 83(a).

11. Defendants were engaged in a concerted action such that the juridical link doctrine allows all Defendants to be joined in a single action.

## FACTUAL ALLEGATIONS

12. ROBINHOOD, TD AMERITRADE, and E*TRADE broker online retail transactions in equity securities and options contracts and provide their customers with electronic access to their services through their platforms.

13. Defendants promote their services as having "no commission," "no fees" and "$0.00 commissions."

14. In fact, the Defendants receive payments for routing their customer's equity and option order flows to "market makers." The Defendants share many of the same "market makers," including Citadel Execution Services.

15. In January 2021, internet commenters widely noticed GME was heavily shorted by hedge funds and others, including the hedge fund Melvin Capital. Melvin Capital had a large "short" position on GME, essentially betting the company's stock would decline.

16. On January 4, 2021, GME opened at $19.00 per share.

17. By January 27, 2021, GME closed at over $347.51 per share.

18. Melvin Capital management lost 53% of its investments in January 2021.[2] On January 25, 2021, Citadel LLC and Point72 Asset Management gave Melvin Capital a $2.75 billion emergency influx of cash.

19. Fueled by the dramatic rise of GME, retail investors targeted other stocks including AMC, Blackberry (BB), Bed Bath and Beyond (BBBY), NOK, and EXPR.

20. On January 4, 2021, AMC opened at $2.20 per share.

21. On January 27, 2021, AMC closed at $19.90 per share.

22. On January 4, 2021, EXPR opened at $0.93 per share.

23. On January 27, 2021, EXPR closed at $9.55 per share.

24. On January 4, 2021, BB opened at $6.70 per share.

25. On January 27, 2021, BB closed at $25.10 per share.

26. On January 4, 2021, BBBY opened at $17.97 per share.

27. On January 27, 2021, BBBY closed at $53.90 per share.

28. On January 4, 2021, NOK opened at $3.99 per share.

29. On January 27, 2021, NOK closed at $6.55 per share.

30. Then, on January 28, 2021, Defendants unilaterally stopped retail purchasers, like Plaintiffs, from making purchases on BB, GME, AMC and EXPR, among other stocks.

31. Also on January 28, 2021, Defendants unilaterally stopped retail purchasers, like Plaintiffs, from selling option contracts on GME, BB, AMC and EXPR, among other stocks.

---

[2] https://www.wsj.com/articles/melvin-capital-lost-53-in-january-hurt-by-gamestop-and-other-bets-11612103117.

32. Defendants only allowed retail purchasers, like Plaintiffs, to sell their stocks.

33. Defendants' ban did not apply to institutional investors. The ban caused the stocks to rapidly lose value.

34. On January 28, 2021, GME closed at $193.60 per share.

35. On January 28, 2021, AMC closed at $8.63 per share.

36. On January 28, 2021, NOK closed at $4.69 per share.

37. On January 28, 2021, BBBY closed at $33.64 per share.

38. On January 28, 2021, BB closed at $14.65.

39. On January 28, 2021, EXPR closed at $4.70.

40. The ban caused financial harm to Plaintiffs and the members of the proposed Classes.

## CLASS ACTION ALLEGATIONS

41. Plaintiffs bring this Action individually and on behalf of a class of similarly situated persons under Federal Rule of Civil Procedure 23.

42. Plaintiffs sue on their own behalf and for the following Class:

> Defendants' customers who lost the ability to make purchases or sell options on their accounts from January 28, 2021 to the date of judgment in this Action. (the "Nationwide Class").

43. Alternatively, Plaintiffs sue on their own behalf and for the following Arkansas-only Class:

> Defendants' customers who are citizens of Arkansas and who lost the ability to make purchases or sell options on their accounts from January 28, 2021 to the date of judgment in this Action. (the "Arkansas Class").

44. Although the precise number of members of the Classes is unknown, there are

enough members are putative members of the Classes to meet the requirements of Rule 23(a).

45. Plaintiffs are members of the Classes.

46. Plaintiffs' claims are typical of the claims of all members of the Classes Min that all putative members of the Classes were customers of Defendants who lost the ability to make purchases or sell options on their accounts from January 28, 2021.

47. No antagonism exists between the interests of the Representative Plaintiffs and the interest of other members of the Classes, and Plaintiffs are fully prepared to pursue their case diligently on their behalf. Plaintiffs are otherwise proper persons to serve as representatives of the Classes and are interested in the outcome of this litigation and understands the importance of adequately representing the Classes. Further, Plaintiffs will fairly and adequately protect the interests of the Classes sought to be certified.

48. Plaintiffs' counsel are experienced in class action litigation and are well qualified to conduct this litigation.

49. There exist numerous common questions of law or fact within the meaning of Rule 23 and these common questions predominate over any questions affecting only individual members of the Classes within the meaning of Rule 23. These common questions include:

    a. Do the Defendants' contracts carry the implied covenant of good faith and fair dealing?

    b. Did Defendants breach their contracts?

    c. What state's law applies to the contracts?

    d. Did Defendants conspire to contemporaneously decide upon and enact a coordinated prohibition on the purchase of shares of stocks by Plaintiffs and the Class?

    e. Did Defendants engage in an overt act in furtherance of the conspiracy?

    f.    Did Defendants fail to provide the duty of care to their customers by causing their customers to lose the ability to purchase certain securities and options?

    g.    Did Defendants have an undisclosed conflict of interest?

    h.    Did Defendants breach their legal, regulatory and licensing requirements?

    i.    Did Defendants intend or reasonably foresee harm to the Class?

    j.    Did Defendants engaged in and continue to engage in exclusionary conduct deleterious to consumers and to the anticompetitive benefit of Defendants.

    k.    Did Defendants engaged in and continue to engage in anticompetitive conduct?

50.    Under Rule 23, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy because it is desirable to concentrate the litigation of the Classes Members' claims to one forum, since it will conserve party and judicial resources and facilitate the consistency of adjudication.

51.    The damages suffered by individual members of the Classes are relatively modest, and their interest in maintaining separate actions is questionable and the expense and burden of individual litigation makes it impracticable for them to seek individual redress for the wrongs done to them, the class mechanism of Rule 23 is superior. Plaintiffs know of no difficulty encountered in the management of this Action that would preclude its maintenance as a class action.

52.    It is administratively feasible to determine whether a particular individual is a member of the Classes, because Defendants have the administrative ability to identify all members of the Classes.

53.    Defendants' trading ban resulted in harm to Plaintiffs and the Classes.

## COUNT I: Violations of the Sherman Antitrust Act
## (15 U.S.C. § 1)

54. Plaintiffs hereby incorporate by reference the paragraphs of this Complaint as if fully set forth herein.

55. On information and belief, the Defendants combined, conspired, or contracted to contemporaneously decide upon and enact a coordinated prohibition on the purchase of shares of stocks by Plaintiffs and the Classes.

56. The Defendants have prohibited and continue to prohibit purchases of shares of stocks by Plaintiffs and the Classes in an unreasonable restraint of trade in the stock market. Despite prohibiting purchases of the stocks, Defendants allowed Plaintiffs and members of the Classes to sell the stocks.

57. Defendants' arrangement with their major "market makers" constitutes a restraint of trade and it led to a large share of the market being unable to purchase stocks in violation of 15 U.S.C. § 1.

58. Because of Defendants' contract combination, or conspiracy, the unreasonable restraint of trade in the stock market has injured Plaintiffs and the Classes by prohibiting his purchase of shares of stocks. Despite this prohibition Defendants allowed Plaintiffs to sell shares of the stocks on their platforms.

59. By prohibiting Plaintiffs and the Classes from purchasing stocks but allowing Plaintiffs and the Classes to sell stocks, Defendants engaged in and continue to engage in exclusionary conduct deleterious to consumers and to the anticompetitive benefit of Defendants. Defendants engaged in and continue to engage in anticompetitive conduct.

60. Through the continued anticompetitive conduct of excluding Plaintiffs from the

stock market as competitors by prohibiting Plaintiffs' purchase of the stocks, Defendants manifested and continue to manifest a specific intent to monopolize. Defendants' coordinated prohibition of Plaintiffs and the Classes' stocks demonstrates Defendants' specific intent to monopolize the stock market.

61. Upon information and belief, the Defendants collectively control a majority share of trading within the stock market. Defendants' coordinated prohibition of Plaintiffs' purchase of the stocks is likely to increase Defendants' market share within the stock market. As a result, Defendants' anticompetitive conduct poses a dangerous probability of achieving monopoly.

62. Plaintiffs and the Classes have been injured in their business or property by the Defendants' anticompetitive conduct.

## COUNT II: BREACH OF CONTRACT

63. Plaintiffs hereby incorporate by reference the paragraphs of this Complaint as if fully set forth herein.

64. Plaintiffs and the members of the Classes entered in a customer agreement with Defendants.

65. Each customer agreement carries the implied covenant of good faith and fair dealing.

66. Plaintiffs and the members of the Classes fulfilled their obligations under the customer agreements.

67. Defendants prohibited purchases of shares of the stocks for their own benefit, failed to provide access to their financial services in a timely manner, failed to comply with all applicable legal, regulatory, and licensing requirements, and failed to exercise trades and actions requested by customers in a timely manner.

68. The Defendants' conduct has caused harm, losses, and damages to Plaintiffs and the Classes.

## COUNT III: NEGLIGENCE

69. Plaintiffs hereby incorporate by reference the paragraphs of this Complaint as if fully set forth herein.

70. Defendants had a duty to exercise reasonable care in conducting and facilitating transactions for its customers.

71. Defendants had a duty to exercise reasonable care in providing trades on the free, open market for its customers.

72. Defendants breached their duties by:

    a. Halting the purchase of shares of stocks without notice;

    b. Halting the sale of options without notice; and

    c. Failing to notify customers in a timely manner of the restrictions placed upon the purchases of shares of the stocks.

73. The Defendants' conduct as set forth in the Complaint was wanton and an extreme departure of acceptable conduct.

74. Defendants' conduct has caused harm, losses and damages to Plaintiffs and the Classes.

## COUNT IV: UNJUST ENRICHMENT

75. Plaintiffs incorporate by reference the preceding of this Complaint as if fully set forth herein.

76. Defendants received monetary benefits in the form of purchases and customer data from Plaintiffs and the members of the Classes, to which they were not entitled and which

Defendants should restore.

77. Defendants actions, their intent and the situation makes the enrichment of Defendants unjust and inequitable.

78. The enrichment of Defendants was at the expense of and to the detriment of the Plaintiffs and Classes.

## COUNT V: CIVIL CONSPIRACY

79. Plaintiffs and the Classes hereby incorporates by reference the paragraphs of this Complaint as if fully set forth herein.

80. Defendants knowingly entered into a conspiracy.

81. One or more of the Defendants committed one or more overt act in furtherance of the conspiracy.

82. Defendants, in entering into the conspiracy, had the specific intent to harm Plaintiffs and the Classes.

83. The conspiracy proximately caused damages to Plaintiffs and the Classes.

## DEMAND FOR JURY TRIAL

84. Under Rule 38(a) Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully requests the following relief:

A. A determination that this action be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and an order certifying the Nationwide Class or the Arkansas Class, appointing Plaintiffs as Class Representatives, and Plaintiffs' counsel as Class Counsel;

B. Damages, including treble and punitive damages;

    C.    Compensatory damages;

    D.    Restitution, disgorgement, and/or reimbursement;

    E.    Costs, including reasonable attorneys' fees, as permitted by law; and

    F.    Such other relief in law and equity, including without limitation, costs, pre-judgment interest, post-judgment interest, and any other relief to which Plaintiffs and Class may be entitled.

DATE: February 4, 2021

Respectfully Submitted,

Thomas P. Thrash (AR #80147)
Will Crowder (AR #03138)
THRASH LAW FIRM, P.A.
1101 Garland Street
Little Rock, AR 72201-1214
(501) 374-1058 / fax (501) 374-2222
Email: tomthrash@thrashlawfirmpa.com
Email: willcrowder@thrashlawfirmpa.com

*Attorneys for Plaintiff*